### WARE v. CITY OF MIAMI.

Circuit Court, Dade County.

March 7, 1955 and January 17, 1956.

182

Herbert S. Sawyer, Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for plaintiff.

J. W. Watson, Jr., City Attorney, Olavi M. Hendrickson, City Attorney, and Edward J. Fitzpatrick, Assistant City Attorney, for defendant.

GRADY L. CRAWFORD, Circuit Judge.

*Temporary injunction:* This cause came on to be heard on the plaintiff's application for a temporary injunction, after notice, and there appearing before the court the attorneys for the respective parties, and the court having heard argument of counsel, and being advised in the premises, it is ordered, adjudged and decreed that—

The city of Miami, its officers, agents, servants and employees, be, and they hereby are, enjoined and restrained from in anywise going upon lots 18, 19, 20, 21, 22, 38, 39, a part of lot 40, and lot 62 of Delaware Park section 1 in the city of Miami, and clearing any of the growth thereon contained, or attempting to levy any assessment of any kind against said lots for the expense of clearing or cleaning the same or doing any other work thereupon, pending the further order of this court.

This injunctive order is to become effective immediately and continue in force until the further order of this court, provided that the plaintiff file herein a good and sufficient surety bond in the sum of $1,000, conditioned as provided by law, within 48 hours from the issuance of this order.

*Final decree:* This cause coming on for trial before the court, the court having heard the testimony submitted by the parties, the arguments of counsel and being fully advised in the premises, finds—

There is no condition upon any of the lots described in the complaint which constitutes a menace to life, property, the public health or the public welfare, as provided by ordinance #4943 of the city of Miami.

The finding required by the ordinance on the part of the city manager is a quasi-judicial finding, and in such cases a notice to the owner, providing an opportunity to be heard, is required. A property owner is not afforded due process of law under the constitution of Florida or the constitution of the United States if such notice and opportunity to be heard is not provided by the ordinance.

The ordinance is defective in that it contains no provision for a hearing on the question whether the condition of the lot or parcel of land is such as to constitute a menace to life, property, the public health or the public welfare. The only notice to the property owner required by the ordinance is a notice to be given the owner after the city manager has found that the required condition exists.

It is therefore ordered, adjudged and decreed that—

The condition of the lots or parcel of land involved in this suit does not constitute a menace to life, property, the public health or the public welfare.

Ordinance #4943 of the city of Miami is unconstitutional, void and of no effect.

The temporary restraining order or injunction which was entered herein on March 7, 1955 is hereby made perpetual, and the city of Miami, its officers, agents, servants and employees are hereby enjoined and restrained from in anywise going upon lots 18, 19, 20, 21, 22, 38, 39, a part of lot 40, and lot 62 of Delaware Park section 1 in the city of Miami, and clearing any of the growth thereon contained, or attempting to levy any assessment of any kind against said lots, or any of them, for the expense of clearing or cleaning the same or doing any other work thereupon under the provision of said ordinance #4943.

The bond executed March 8, 1955 by Willard M. Ware, principal, and American Surety Co. of New York, a New York corporation authorized to do business in Florida, as surety, in the sum of $1,000, which bond was furnished under order of this court upon the entry of the temporary injunction, is canceled and the principal and surety thereon are released and discharged from any and all liability thereunder.

The costs of this suit are taxed against the defendant.